IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In Re GALENA BIOPHARMA, INC. DERIVATIVE LITIGATION**, <br><br>This Document Relates To: <br>ALL ACTIONS | Case No.   3:14-cv-382-SI LEAD <br>                     3:14-cv-514-SI <br>                     3:14-cv-516-SI <br><br>**OPINION AND ORDER** |

Christopher A. Slater and Michael J. Ross, SLATER ROSS, Sovereign Hotel, 4th Floor, 710 S.W. Madison Street, Portland, OR 97205; Robert B. Weiser, Brett D. Stecker, Jeffrey J. Ciarlanto, THE WEISER LAW FIRM, P.C., 22 Cassatt Avenue, First Floor, Berwyn, PA 19312; Kathleen A. Herkenhoff, THE WEISER LAW FIRM, P.C., 12707 High Bluff Drive, Suite 200, San Diego, CA 92130; Michael J. Hynes and Ligaya Hernandez, HYNES KELLER & HERNADEZ, LLC, 1150 First Avenue, Suite 501, King of Prussia, PA 19406; William B. Federman and Sara E. Collier, FEDERMAN & SHERWOOD, 10205 N. Pennsylvania Avenue, Oklahoma City, OK 73120. Of Attorneys for Plaintiffs.

Lois O. Rosenbaum and Stephen H. Galloway, STOEL RIVES LLP, 900 S.W. Fifth Avenue, Suite 2600, Portland, OR 97204; Paul R. Bessette, Michael J. Biles, James P. Sullivan, KING & SPALDING LLP, 401 Congress Avenue, Suite 3200, Austin, TX 78701. Of Attorneys for Defendants.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Before the Court is the motion of nominal defendant Galena Biopharma, Inc. ("Galena") asking the Court to reconsider its opinion denying Galena's motion to stay the pending consolidated derivative actions for 90 days to allow sufficient time for an investigation by a single-member special litigation committee ("SLC") formed by Galena's Board of Directors ("Board"). For the following reasons, Galena's motion for reconsideration is denied.

## DISCUSSION

On October 22, 2014, the Court denied Galena's motion to stay, finding that any decision by Mr. Irving M. Einhorn, the sole member of the SLC, recommending that Galena not pursue litigation would not withstand future judicial scrutiny. On October 28, 2014, Galena filed a motion for reconsideration under Federal Rule of Civil Procedure 54(b), arguing that the Court made clear errors of law and fact. Galena's motion fails because it is based on arguments and evidence that could have previously been raised with the Court and because, even if the arguments and evidence were now properly before the Court, they do not show clear error by the Court.

**A. Galena's Motion for Reconsideration is Procedurally Improper**

A district court has inherent power, derived from the common law, to rescind, reconsider, or modify an interlocutory order. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure."); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (noting that a district court has the inherent authority to modify, alter, or revoke any non-final order). A district court "'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient'" *City of Los Angeles*, 254 F.3d at 889

PAGE 2 – OPINION AND ORDER

(quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981))). In addition, Federal Rule of Civil Procedure 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities."

Reconsideration may be appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation and quotation marks omitted) (alteration in original)). "[R]econsideration is appropriate only in very limited circumstances . . . ." *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). Raising arguments or providing evidence in a motion for reconsideration that could have been included when litigating the original motion are not proper grounds for reconsideration. *See id.* (finding no abuse of discretion by district court in denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cnty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003))).

PAGE 3 – OPINION AND ORDER

Here, Galena raises arguments and offers evidence for the first time in its motion for reconsideration. Galena concedes that new arguments are not appropriate in a motion for reconsideration, but states that the "new points raised in this Motion focus on the factual assumptions and legal conclusions in the Court's Order that reveal clear errors worthy of reconsideration." Galena's contention that it is appropriately raising new arguments in response to the Court's Order is without merit.

Galena's arguments and evidence could have been raised in Galena's reply, but were not. Plaintiffs argued at length in their response to Galena's motion to stay that the single-member SLC was not independent and had prejudged the merits of the investigation as evidenced by the Special Committee report, citing, among other cases, *Biondi v. Scrushy*, 820 A.2d 1148 (Del. Ch. 2003). Plaintiffs argued the same issues of law and fact upon which the Court based its opinion and against which Galena now provides argument and evidence. But Galena offered only a brief and conclusory response in its reply, stating that the "unique circumstances" of *Biondi* are "not present here," without offering evidence or argument. Galena further stated that the Board, not the Special Committee, appointed and empowered the SLC, but did not argue how that fact affects the Court's consideration of the independence of the SLC. Further, Galena failed to discuss the Special Committee report in its reply[1] or respond to Plaintiffs' arguments that Mr. Einhorn cannot now objectively investigate the claims in this lawsuit because he already has concluded in the Special Committee report that there was no wrongdoing by the directors and officers of Galena and that Galena should not pursue any litigation. In its reply, Galena chose not to assert arguments or provide evidence in response to these arguments raised and evidence

---

[1] The only mention of the report in Galena's reply is on page five, in a quote of Plaintiff's opposition brief at page 14 that parenthetically references the report. Galena did not, however, address that portion of the quoted material.

PAGE 4 – OPINION AND ORDER

provided by Plaintiffs in their response. It is inappropriate for Galena now to do so through a motion for reconsideration. Accordingly, Galena's motion for reconsideration is denied.

## B. Galena's Motion for Reconsideration Also Fails on the Merits

Even if Galena's motion for reconsideration were procedurally proper, it would fail on the merits. Although Rule 54(b) does not address the standards a district court should apply when reconsidering an interlocutory order, courts have held that:

> Motions to reconsider under Rule 54(b), while generally disfavored, may be granted if: (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

*Lyden v. Nike, Inc.*, 2014 WL 4631206, at *1 (D. Or. Sept. 15, 2014) (citing *Stockamp & Assocs. v. Accetive Health*, 2005 WL 425456, at *6-7 (D. Or. Feb. 18, 2005); *Nike, Inc. v. Dixon*, 2004 WL 1375281,[2] at *1-2 (D. Or. June 16, 2004); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583-86 (D. Ariz. 2003)). Additionally, "[w]hile a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to 'think about [an] issue again in the hope that [it] will come out the other way the second time.'" *Brown v. S. Nevada Adult Mental Health Servs.*, 2014 WL 2807688, at *2 (D. Nev. June 20, 2014) (quoting *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. Feb. 8, 2013)) (first alteration added, remaining alterations in original).

---

[2] There was a scrivener's error in the *Lyden* opinion, erroneously listing the *Nike, Inc. v. Dixon* Westlaw citation as 2004 WL 1845505.

PAGE 5 – OPINION AND ORDER

None of the factors supporting reconsideration under Rule 54(b) are present here. Galena asserts that there are material differences of fact and law, but those could have been provided to the Court in litigating the underlying motion and, regardless, do not affect the Court's analysis. There are no new material facts that arose after the Court's decision and there has been no change in the law. Finally, Galena fails to make a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

Galena asserts that the Court found that the SLC's "sole purpose" was to re-investigate the same issues that the Special Committee investigated and argues that this misunderstanding of fact led to the Court's erroneous conclusion that Mr. Einhorn's participation in a previous independent investigation destroys Mr. Einhorn's independence. Galena further argues that there is no reason to presume that Mr. Einhorn lost objectivity because he has already investigated some of the underlying allegations. Galena's arguments are without merit.

The Court did not find that the "sole purpose" of the SLC was to investigate the same issues that the Special Committee investigated. Although the vast majority of the allegations that Mr. Einhorn, as the single-member SLC, is currently investigating have already been investigated by Mr. Einhorn as a member of the two-person Special Committee, the Court is aware that there are two allegations that the Special Committee did not investigate: the Board's issuance of stock options in November 2013 and the Board's unauthorized amendment to the bylaws to add a forum selection clause. The fact that the Special Committee did not investigate these two discrete acts does not change the Court's analysis.

The Delaware Chancery Court has found that when an SLC was beginning its investigation and a member of the SLC publicly commented on the conclusions of a separate investigation, commenting that the earlier investigation exonerated one of the alleged

PAGE 6 – OPINION AND ORDER

wrongdoers and thus "put[] to rest any question" of wrongdoing, it was sufficient to call into question whether the SLC's investigation would ultimately be considered pre-judged. *Biondi*, 820 A.2d at 1165-66. The facts here even more strongly support reaching the same conclusion, because Mr. Einhorn did not merely publicly comment on an outside investigation, he participated in that investigation and personally exonerated the alleged wrongdoers for nearly all of the alleged wrongful conduct. The fact that he did not previously exonerate the alleged wrongdoers of two discrete acts does not negate Mr. Einhorn's findings regarding the remaining alleged conduct. As aptly stated by the Delaware Chancery Court:

> How can the court and the company's stockholders reasonably repose confidence in an SLC whose Chairman has publicly and prematurely issued statements exculpating one of the key company insiders whose conduct is supposed to be impartially investigated by the SLC? The answer is that they cannot. Even if the SLC later issues a report in favor of dismissal that reads well and that appears to be factually supported, there will always linger a reasonable doubt that its investigation was designed to paper a decision that had already been made.

*Id.* at 1166. Similarly, here, Mr. Einhorn has previously issued a public report exculpating nearly all of the alleged wrongdoers of nearly all of the alleged wrongful conduct.

Galena also argues that the report by the two-person Special Committee does not affect the independence of the SLC because the Board was not given a copy of the Special Committee report until after the Board appointed the SLC. First, this is evidence that could have been submitted in Galena's reply and Galena provides no explanation for why the evidence was not previously provided to the Court.[3] Second, this evidence does not affect the Court's analysis.

---

[3] Galena also notes that the Court erroneously assumed in its earlier Opinion and Order that the report of the Special Committee was delivered to the Board in July whereas the report was actually delivered to the Board in September. Galena, however, previously failed to provide any evidence to the Court about when the report was actually submitted to the Board—in fact, Galena failed to address the report in either its opening brief or its reply. Thus, the only evidence the Court had before it was the name of the report, "Report to the Board of Directors of Galena

PAGE 7 – OPINION AND ORDER

Regardless of whether the Board was aware of the conclusions reached by Mr. Einhorn as a part of the two-person Special Committee, it is beyond dispute that Mr. Einhorn reached those conclusions. Now, the Board, the Court, and the stockholders are all aware that Mr. Einhorn has already reached a conclusion regarding the majority of the allegedly wrongful conduct that he is now tasked with objectively and independently investigating. Because of this, neither the Court nor the stockholders can "repose confidence" in Mr. Einhorn as an objective SLC. *Id.* at 1166.

Finally, the Court notes that Galena offers as evidence of Mr. Einhorn's independence the fact that more than one month after the new allegations were asserted relating to the November 2013 stock option grants (and six days after the Special Committee issued its report), the Board disbanded the two-person Special Committee because the new allegations involved actions taken by the second member of the Special Committee, William Ashton. This evidence, however, only further supports the Court's concerns about Mr. Einhorn as the sole member of the SLC. Courts are to scrutinize closely the relationship between SLC members and interested directors. *See, e.g.*, *Sutherland v. Sutherland*, 2008 WL 1932374, at *3 (Del. Ch. May 5, 2008); *Biondi*, 820 A.2d at 1157, 1166. The fact that Mr. Einhorn engaged in a lengthy and extensive investigation alongside Mr. Ashton, who is now alleged to have engaged in wrongful conduct, is further evidence that Mr. Einhorn cannot be considered "above reproach." *Lewis v. Fuqua*, 502 A.2d 962, 967 (Del. Ch. 1985).

The Court previously found that "because Einhorn has already conducted an investigation, issued a report to the Board as part of the two-person Special Committee, and publicly announced his conclusion that the Galena insiders did not engage in any wrongdoing,

---

Biopharma, Inc. Regarding the 2012-2014 Market Visibility Campaigns and the Sales By Insiders in the First Quarter of 2014," and the date of the report, July 15, 2014. If Galena considered the date that the report was actually provided to the Board to be relevant, it should have timely provided that evidence to the Court.

PAGE 8 – OPINION AND ORDER

Einhorn fails an 'unyielding' evaluation of his independence and objectivity to proceed with the SLC investigation." Galena fails to show that this finding was clear error.

## CONCLUSION

Galena's motion for reconsideration (Dkt. 45) is DENIED.

**IT IS SO ORDERED**.

DATED this 30th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
