# EXHIBIT 1

Christopher A. Slater, OSB # 97398
cslater@slaterross.com
Michael J. Ross, OSB # 91410
mjross@slaterross.com
SLATER ROSS
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon 97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299

*Local Counsel for Plaintiffs*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

|  |  |  |
|---|---|---|
| In re GALENA BIOPHARMA INC. DERIVATIVE LITIGATION | : : : : : : : : | Case No.: 3:14-cv-00382-SI LEAD<br><br>3:14-cv-00514-SI<br>3:14-cv-00516-SI<br>3:15-cv-01465-SI |
| This Document Relates To: ALL ACTIONS. | : : : : : : | **STIPULATION AND AGREEMENT OF SETTLEMENT** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated January 20, 2016, is made and entered into by and among the following Parties (as defined herein), each by and through their respective counsel of record: (i) plaintiffs in the above-captioned consolidated stockholder derivative action (the "Oregon Action"), Jeffrey Klein ("Klein"), David W. Fuhs ("Fuhs") Pratik Rathore ("Rathore") and Harold Spradling ("Spradling" and collectively with Klein, Fuhs and Rathore, "Plaintiffs"), on behalf of themselves and derivatively on behalf of Galena Biopharma, Inc. ("Galena" or the "Company" or the "Nominal Defendant"); (ii) Nominal

1

Defendant Galena; and (iii) individual defendants Mark J. Ahn ("Ahn"), Ryan M. Dunlap ("Dunlap"), Mark W. Schwartz ("Schwartz"), Sanford Hillsberg ("Hillsberg"), Richard Chin ("Chin"), Stephen S. Galliker ("Galliker"), Steven A. Kriegsman ("Kriegsman"), Rudolph Nisi ("Nisi"), and William Ashton ("Ashton"), each of whom is a current or former member of the Board of Directors (the "Board") of Galena and/or a current or former senior officer of Galena (collectively, the "Individual Defendants" and together with Galena, the "Defendants").

This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle Plaintiffs' Released Claims (as defined herein), upon the terms and subject to the conditions set forth herein.

## I.    INTRODUCTION

### A.    Procedural Background

1. *The Oregon Action*

The Oregon Action was initiated in this Court in March 2014 when plaintiffs Eleanor Werbowsky, Rathore, and Klein (the "Oregon Plaintiffs") instituted actions on behalf of Galena alleging breaches of fiduciary duty against the Board which were later consolidated on April 11, 2014 (the "Oregon Action").  Prior to the coordination among Plaintiffs, Defendants filed a motion to dismiss the Oregon Action on April 18, 2014 (the "Motion to Dismiss"), requesting that the case be transferred to the Delaware Court of Chancery based on a forum selection clause purportedly adopted by the Board.  Defendants thereafter withdrew the Motion to Dismiss.

At the parties' request, the Court set a briefing schedule for the Oregon Plaintiffs' amended complaint and Defendants' motion to dismiss.  On June 10, 2014, the Oregon Plaintiffs filed an amended complaint.  On August 11, 2014, Galena announced that a special committee of the Board (the "Special Committee"), which had been appointed on February 17, 2014, had

completed an investigation.  Galena also disclosed that the Board, on July 21, 2014, had appointed Irving M. Einhorn ("Einhorn"), who had served on the Special Committee, as a one-person Special Litigation Committee ("SLC") "in order to make any and all determinations with respect to the complaints and take all actions he deems necessary or appropriate regarding the claims made in the complaints."  Galena next filed a motion to stay on September 11, 2014 (the "Motion to Stay"), contending that the Oregon Action should be stayed so that the newly empowered SLC could investigate and decide whether to pursue the Oregon Plaintiffs' claims. Oregon Plaintiffs opposed the Motion to Stay and argued, *inter alia*, that Einhorn lacked the independence required of a single member SLC because he was a member of the previously constituted Special Committee that completed an investigation into the alleged wrongdoing, and in that role he had already reached a conclusion in connection with the Oregon Plaintiffs' claims.

On October 22, 2014, the Court denied the Motion to Stay.  Defendants filed a motion for reconsideration on October 28, 2014, which the Court also denied.

The Court ordered that Defendants respond to the Oregon Plaintiffs' amended complaint within two weeks from the Court's denial of the motion for reconsideration.  Defendants again moved to stay the Oregon Action (the "Second Motion to Stay") pending the resolution of a federal securities class action (the "Federal Securities Action")[1] and in deference to the Delaware Action (as defined herein).  Simultaneously, Defendants filed a motion to dismiss the Oregon Action (the "Second Motion to Dismiss") which sought dismissal based on a failure by plaintiffs to plead their allegations with the required level of particularity and failure to state a claim.

---

[1] The Federal Securities Action refers to the case currently pending in the Federal Court captioned *In Re Galena Biopharma, Inc. Secs. Litig.*, No 14-cv-00367-SI (D. Or.), and alleges violations of the federal securities laws in connection with, among other things, the alleged DreamTeamGroup stock promotion scheme.

On November 25, 2014, the Oregon Plaintiffs filed their opposition to the Second Motion to Stay, and on December 15, 2014, they filed their opposition to the Second Motion to Dismiss. The Court held oral argument in connection with both motions on January 23, 2015, and on February 4, 2015, entered orders and opinions granting in part and denying in part both the Second Motion to Dismiss and Second Motion to Stay.  In response to the Second Motion to Stay, the Court declined to stay the Oregon Action in favor of the related Delaware Action but decided to stay discovery pending the Court's decision on the motion to dismiss in the Federal Securities Action.  The Court also declined to dismiss the majority of the claims challenged in the Second Motion to Dismiss and gave the Oregon Plaintiffs leave to amend the claims that were dismissed.  The Oregon Plaintiffs filed their Verified Second Amended Consolidated Shareholder Derivative Complaint on March 6, 2015.

2.   *The Delaware Action*

In March 2014, plaintiffs Fuhs and Spradling (the "Delaware Plaintiffs") each made a demand pursuant to 8 *Del. C.* § 220 ("Section 220") to inspect certain of the Company's books and records related to stock option grants made to certain Galena insiders in November 2013, stock sales made by certain Galena insiders in January 2014, and related matters (the "220 Demands").  On March 18, 2014, Plaintiff Fuhs filed an action in the Delaware Court of Chancery to enforce his right to inspect the demanded books and records (the "220 Action").  On or about April 10, 2014, the parties executed a confidentiality agreement, and from April 14, 2014 to May 29, 2014, Galena produced on a rolling basis documents responsive to the 220 Demands.  Ultimately, Galena produced approximately 4,660 pages of documents (the "220 Documents").

On June 20, 2014, the Delaware Plaintiffs filed a Verified Stockholder Derivative Complaint in the Delaware Court of Chancery on behalf of Galena and alleging breaches of fiduciary duty by Galena's officers and directors (the "Delaware Action").

On August 12, 2014, Galena filed a Motion to Stay Proceedings Pending Special Litigation Committee Process in the Delaware Action (the "Delaware Stay Motion"), seeking to stay the litigation pending the results of the investigation of the SLC. The Delaware Plaintiffs stipulated to a stay of the Delaware Action until November 24, 2014. On October 13, 2014, the Delaware Court of Chancery granted the agreed-upon Order to Stay Proceedings Pending Special Litigation Committee Process (the "Stay Order"). The Stay Order specifically reserved the Delaware Plaintiffs' right to seek to lift the stay if any other pending derivative actions were not also stayed.

Accordingly, on November 14, 2014, after the Court in the Oregon Action declined to stay the proceedings before it based on the SLC investigation (see discussion, *infra*), the Delaware Plaintiffs filed a motion seeking to vacate the stay of the Delaware Action under their reservation of rights in the Stay Order. Based on subsequent rulings by the Court in the Oregon Action, the Delaware Plaintiffs agreed to voluntarily dismiss the Delaware Action and to file a complaint in this Court in order to coordinate their efforts with the Oregon Plaintiffs.

3. *The Oregon Action and Delaware Action Are Coordinated*

After voluntarily dismissing the Delaware Action in February 2015, on August 4, 2015, plaintiffs Fuhs and Spradling filed a Verified Stockholder Derivative Complaint and an Unopposed Motion to File Verified Stockholder Derivative Complaint Under Seal in order to consolidate their action with the Oregon Action. The Court consolidated the pending actions on August 19, 2015, and, on August 31, 2015, the Court granted Plaintiffs' Unopposed Motion to

File Verified Third Amended Consolidated Shareholder Derivative Complaint (the "Complaint").

The Complaint alleges, *inter alia*, that Galena's directors and senior executive officers unlawfully abused their positions as fiduciaries of the Company for their personal financial gain. Specifically, the Complaint alleges that the Individual Defendants secretly manipulated the Company's stock price and artificially pumped it up in order to later dump a significant portion of their Galena stock, including improperly granted stock option awards, when Galena stock was trading at historically high and artificially inflated prices. The Complaint also alleges that the Individual Defendants improperly used valuable inside information to spring-load stock options to themselves, *i.e.*, options that are granted just prior to a company's release of material information reasonably expected to drive the market price of the shares higher, and in their haste to grant the options, failed to comply with the requirements of the Delaware General Corporation Law. The Complaint alleges seven counts for: (1) breach of fiduciary duty for disseminating false and misleading information; (2) invalidity of stock options; (3) breach of fiduciary duty for insider selling and/or granting the spring-loaded stock option awards; (4) unjust enrichment in connection with insider selling and/or receipt of the spring-loaded stock options; (5) breach of fiduciary duty in connection with the enactment and attempted enforcement of the forum selection clause; (6) breach of fiduciary duty in connection with the excessive 2013 stock option awards and cash compensation to the outside directors; and (7) unjust enrichment in connection with the excessive 2013 stock option awards.

4. *Settlement Negotiations*

Plaintiffs issued a joint settlement demand on May 8, 2015 in advance of a proposed mediation (the "Mediation"), to be held before the Honorable Layn R. Phillips, U.S. District

Judge (Retired) (the "Mediator" or "Judge Phillips").  As a precondition to attending the Mediation, Plaintiffs required Defendants to produce certain non-public documents, including documents produced to the U.S. Securities and Exchange Commission (the "SEC") and reviewed by the Board's Special Committee and SLC.  As a result, Defendants produced nearly 24,000 documents to Plaintiffs (the "Mediation Production").

The full-day Mediation took place in New York City on September 19, 2015.  While the Mediation did not result in a resolution of the Action at that session, the Parties' submissions and other communications in connection with the Mediation served as the basis for subsequent negotiations, overseen by Judge Phillips.  With the substantial assistance of Judge Phillips, the Parties reached an agreement in principle to settle the Oregon Action and executed a term sheet dated December 4, 2015.  The Parties subsequently negotiated and executed the Stipulation.

## II.    PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFITS OF SETTLEMENT

Plaintiffs' Counsel (as defined herein) conducted an extensive investigation relating to the claims and the underlying events alleged in the Action, including, but not limited to: (1) inspecting, analyzing, and reviewing Galena's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) drafting and filing the various initial and consolidated derivative complaints in the Oregon Action and in the Delaware Action, as well as drafting the 220 Demands and filing the 220 Action; (3) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (4) researching corporate governance issues; (5) opposing and arguing several motions to dismiss and stay the Oregon Action; (6) preparing and submitting a detailed mediation statement; (7) preparing and submitting a detailed settlement demand; (8) participating in the September 19, 2015 in-person Mediation in New York City; (9) reviewing and analyzing over

28,000 pages of non-public documents, *i.e.*, the 220 Documents and Mediation Production; and (10) participating in extensive settlement discussions with counsel for Defendants.

Plaintiffs' Counsel believes that the claims asserted in the Action have merit and that their investigation supports the claims asserted.  Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and solely in order to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including a potential trial and appeal, Plaintiffs have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Plaintiffs and Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and through possible appeal.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in a complex case such as the Action, as well as the difficulties and delays inherent in such litigation. Additionally, Plaintiffs' Counsel also considered the best interests of Galena, as the Action is brought on its behalf, including the risks that on-going litigation could result in loss or substantial diminution of available D&O insurance and financial hardship to Galena with risk that the Individual Defendants (absent insurance) would be unable to satisfy fully any judgment that might be entered in the Action and that the Defendants would also be unable to settle the related Federal Securities Action.  Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interests of Plaintiffs, Galena, and Current Galena Stockholders (as defined herein), and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

## III.     DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny that they have committed or attempted to commit any violations of law, any breach of fiduciary duty owed to Galena, or any wrongdoing whatsoever.  Without admitting the validity of any of the claims Plaintiffs have asserted in the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein. Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.  Further, Defendants acknowledge that the Settlement is fair, reasonable, adequate, and in the best interests of Galena and Current Galena Stockholders.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Final Order and Judgment (as defined herein), nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is or may be construed or used as evidence of the validity of any of Plaintiffs' Released Claims (defined herein), or as an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever.

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiffs (on behalf of themselves and derivatively on behalf of Galena), the Individual Defendants, and Nominal Defendant Galena, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to the approval of the Court, the Action, Plaintiffs' Released Claims and Defendants' Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon the terms and subject to the conditions set forth herein as follows:

1.      **Definitions**

As used in this Stipulation, the following terms have the meaning specified below:

1.1      "Action" or the "Oregon Action" means the above-captioned consolidated shareholder derivative action pending in the U.S. District Court for the District of Oregon, captioned *In re Galena Biopharma Inc. Derivative Litigation*, Lead Case No. 3:14-cv-382-SI.

1.2       "Board" means the Galena Board of Directors.

1.3      "Court" means the U.S. District Court for the District of Oregon.

1.4      "Company" means Galena Biopharma, Inc.

1.5      "Current Galena Stockholder" means any Person who owned Galena common stock as of the Execution Date of this Stipulation and who continues to hold their Galena common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of Galena, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.6      "Defendants" means, collectively, the Individual Defendants and Nominal Defendant Galena.

1.7      "Defendants' Counsel" means (i) Stoel Rives, LLP, 900 SW Fifth Avenue Suite 2600 Portland, OR 97204; (ii) King & Spalding LLP, 401 Congress Avenue, Suite 3200, Austin, TX 78701; (iii) Perkins Coie LLP, 1120 N.W. Couch Street, Tenth Floor Portland, OR 97209-4128; (iv) Angeli Ungar Law Group LLC 121 SW Morrison St, Suite 400, Portland, OR, 97204; and (v) Debevoise & Plimpton 801 Pennsylvania Avenue NW, Suite 500, Washington, DC 20004.

1.8     "Defendants' Released Claims" means collectively all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, asserted or that might have been asserted in any forum by Defendants' Released Persons against Plaintiffs' Released Persons, which arise out of, are based on, or relate in any way, directly or indirectly, to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

1.9     "Defendants' Released Persons" means each of the Defendants and, to the maximum extent permitted by law, each of Defendants' immediate family members, spouses, heirs, executors, estates, administrators, trustees, assigns, and any trusts in which Defendants, or any of them, are settlors, or which are for the benefit of any Defendants and/or members of his immediate family; any entity in which a Defendant, and/or members of his family has a controlling interest; each of the Defendants' present and former attorneys, legal representatives, and assigns in connection with the Action; Defendants' insurers; and all present and former directors and officers, agents, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, and divisions.

1.10    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

1.11    "Execution Date" means the date this Stipulation has been signed by all the signatories through their respective counsel.

1.12    "Fee Award" means the sum to be paid to Plaintiffs' Counsel for their attorneys' fees and expenses, detailed in ¶¶ 5.1-5.2, subject to Court approval, in recognition of the substantial benefits conferred upon Galena and Current Galena Stockholders by the initiation, prosecution, and settlement of the Action.

1.13    "Final" means the time when a judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  More specifically, it is that situation when (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (2) an appeal has been filed and the court of appeals has either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying Final Order and Judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.

1.14    "Final Order and Judgment" means the order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit E.

1.15    "Galena," the "Company" or "Nominal Defendant" means Galena and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.16    "Individual Defendants" means, collectively, Ahn, Dunlap, Schwartz, Hillsberg, Chin, Galliker, Kriegsman, Nisi and Ashton.

1.17    "Notice to Current Galena Stockholders" or "Notice" means the Notice of Pendency and Proposed Settlement of Stockholder Action, substantially in the form of Exhibit C attached hereto.

1.18    "Parties" means, collectively, each of the Plaintiffs (on behalf of themselves and derivatively on behalf of Galena), each of the Individual Defendants, and Nominal Defendant Galena.

1.19    "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.20    "Plaintiffs" means, collectively, Klein, Rathore, Spradling and Fuhs.

1.21    "Plaintiffs' Settlement Counsel" means The Weiser Law Firm, P.C., 22 Cassatt Avenue, Berwyn, Pennsylvania 19312 and Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, Pennsylvania 19087.

1.22    "Plaintiffs' Counsel" means: (i) Slater Ross, Sovereign Hotel, 4th Floor, 710 S.W. Madison Street Portland, Oregon 97205; (ii) The Weiser Law Firm, P.C., 22 Cassatt Avenue, Berwyn, Pennsylvania 19312; (iii) Hynes Keller & Hernandez, LLC 1150 First Avenue, Suite 501, King of Prussia, PA 19406; (iv) Federman & Sherwood, 10205 N Pennsylvania Ave Oklahoma City, OK 73120; (v) Prickett Jones & Elliott, P.A., 1310 N. King Street, Wilmington, Delaware 19801; (vi) Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, Pennsylvania 19087; (vii) Grant & Eisenhofer, P.A., 123 Justison Street, Wilmington, DE 19801; (viii) Gardy & Notis, LLP, 126 East 56th Street, 8th Floor, New York, NY 10022; and (viii) Squitieri & Fearon, LLP, 32 East 57th Street, 12th Floor, New York, NY 10022.

1.23    "Plaintiffs' Released Claims" means all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature, and description whatsoever, including both known claims or Unknown Claims, asserted or that might have been asserted in any forum by Plaintiffs' Released Persons or any other Galena shareholder derivatively on behalf of Galena, against any of Defendants' Released Persons, that: (a) were alleged in the Action or (b) could

have been asserted against defendants Dunlap, Schwartz, Nisi, Hillsberg, Kriegsman, Galliker, Chin, Ashton and Ahn, or any of them, in any forum that arise out of or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions set forth or otherwise at issue in the Action; *provided however*, that "Plaintiffs' Released Claims" shall not include any claims to enforce the Settlement.

1.24    "Plaintiffs' Released Persons" means Plaintiffs, Plaintiffs' Counsel and each of their immediate family members, spouses, heirs, executors, administrators, successors, trustees, attorneys, personal or legal representatives, advisors, estates, assigns, and agents thereof.

1.25    "Preliminary Approval Order" means the Order to be entered by the Court, substantially in the form of Exhibit B attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that Notice be provided to Current Galena Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and the Fee Award should be finally approved.

1.26    "Released Parties" means Defendants' Released Persons and Plaintiffs' Released Persons.

1.27    "Settlement" means the settlement documented in this Stipulation.

1.28    "Settlement Hearing" means a hearing by the Court to review this Stipulation and determine: (i) whether to enter the Final Order and Judgment; and (ii) all other matters related to the Settlement that are properly before the Court.

1.29    "Stipulation" means this Stipulation and Agreement of Settlement.

1.30    "Summary Notice" means the summarized Notice substantially in the form of Exhibit D attached hereto.

1.31   "Unknown Claims" means any of Plaintiffs' Released Claims and Defendants' Released Claims that any Party does not know or suspect exists in his, her, or its favor at the time of the Settlement, including, without limitation, those claims which, if known, might have affected the decision to enter into, or not object to, this Settlement.  The Parties expressly waive, relinquish, and release any and all provisions, rights, and benefits conferred by or under California Civil Code Section 1542 ("§ 1542") or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them, with respect to Plaintiffs' Released Claims and Defendants' Released Claims in the Settlement, as the case may be, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Plaintiffs' Released Claims and Defendants' Released Claims known or unknown, suspected or unsuspected, contingent or absolute, apparent or unapparent, which do not exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

## 2.   Settlement Consideration

2.1   <u>Cash:</u>   Fifteen million dollars ($15,000,000), in cash, to be paid by the Individual Defendants' directors and officers ("D&O") insurance carriers, on behalf of the Individual Defendants, to the Company.  The foregoing amount shall be transferred to an escrow account for the Company within ten (10) business days after entry of the Preliminary Order.

2.2    Forfeiture of Stock Options:  Defendants Hillsberg, Kriegsman, Nisi, Galliker, Chin and Ashton shall forfeit all of the stock options granted to them by Galena in November 2013, totaling 1.2 million shares.

2.3    Galena, through its Board, shall adopt and implement the corporate governance measures (the "Reforms") attached as Exhibit A to this Stipulation, within ninety (90) days after the Effective Date.  Defendants acknowledge that the filing of the Action was a primary cause and an important, material factor in the Company's enactment of the Reforms as well as those Reforms enacted after the Action was filed.  Defendants agree that the Reforms confer a material benefit on Galena and Current Galena Stockholders.  In addition, the Board, in its independent business judgment, believes that the Settlement is in the best interests of Galena and Current Galena Stockholders.

2.4    Additional Settlement Consideration

a.    Cancellation of Lidingo Holdings LLC Stock Options:  Galena shall cancel any and all outstanding stock options awarded to Lidingo Holdings LLC in August 2013.

b.    Forfeitures by Ahn:  Defendant Ahn forfeited the following contractual severance payments: (1) Annual Salary: $600,000; (2) Bonus: $250,000; and (3) Health: $24,000 - $30,000.  Ahn also forfeited 1,181,250 stock options with an intrinsic value of approximately $503,062 as of August 21, 2014, the date of the public announcement of Ahn's resignation.

## 3.    Procedures for Implementing the Settlement

3.1    Within ten (10) business days after the Execution Date of this Stipulation, Plaintiffs shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit B attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii)

approval of the method of providing notice of pendency and proposed Settlement to Current Galena Stockholders; (iii) approval of the form of Notice attached hereto as Exhibit C; and (iv) a date for the Settlement Hearing.

3.2     Within ten (10) business days of the Court's entry of the Preliminary Approval Order, Galena shall: (a) cause a Current Report on Form 8-K to be filed with the SEC that contains the contents of the Summary Notice, attach a copy of the Stipulation to the 8-K and provide a link in the 8-K to the Stipulation and Notice that shall be posted on the Investor Relations portion of Galena's website; and (b) cause a copy of the Summary Notice to be published one time in *Investor's Business Daily*.  All costs of such Notice and posting and any other notice ordered by the Court shall be paid by Galena.

3.3     After notice as described above is given to Current Galena Stockholders, Plaintiffs' Counsel shall request that the Court hold the Settlement Hearing to finally approve the Settlement and the requested Fee Award.  At the Settlement Hearing, Plaintiffs' Counsel shall request, and Defendants shall not oppose, the Court's final approval of the Fee Award in the amount of $5 million, as referenced in Section 5 below.

3.4     If the Court approves the Settlement at the Settlement Hearing, the Parties will jointly request entry of the Final Order and Judgment by the Court, the entry of which is a condition of this Stipulation: (i) approving finally the Settlement set forth in the Stipulation as fair, adequate, and reasonable, and directing its consummation pursuant to its terms; (ii) finally approving the Fee Award; (iii) dismissing with prejudice all of Plaintiffs' Released Claims against Defendants' Released Persons; (iv) permanently barring and enjoining the institution and prosecution by Plaintiffs' Released Persons and any Galena stockholder on behalf of Galena against Defendants' Released Persons in any court of any of Plaintiffs' Released Claims and any

claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; (v) permanently barring and enjoining the institution and prosecution by Defendants' Released Persons and/or Current Galena Stockholders of any action against Plaintiffs' Released Persons in any court of any of the Defendants' Released Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; and (vi) containing such other and further provisions consistent with the terms of this Stipulation to which the Parties hereto consent in writing.

3.5.    Any objections to or appeals from the Fee Award shall not affect the finality of the Settlement.

## 4.    Releases

4.1    In consideration of the obligations and commitments undertaken by Defendants and the releases by Defendants' Released Persons, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Plaintiffs' Released Persons shall fully, finally and forever release, relinquish and discharge as against Defendants' Released Persons any and all of Plaintiffs' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiffs' Released Claims against Defendants' Released Persons.

4.2    In consideration of the obligations and commitments undertaken by the Parties, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Defendants' Released Persons shall fully, finally and forever release, relinquish and discharge as against Plaintiffs' Released Persons any and all of Defendants' Released Claims, and shall forever be barred and enjoined from instituting,

commencing, or prosecuting any and all Defendants' Released Claims against Plaintiffs' Released Persons.

4.3    Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

## 5.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

5.1    After negotiation of the principal terms of the settlement, Plaintiffs' Settlement Counsel and Galena separately negotiated at arm's length the amount of attorneys' fees and expenses to be awarded by the Court to Plaintiffs' Counsel, with the substantial assistance and oversight of Judge Phillips. In recognition of the substantial benefits provided to Galena and Current Galena Stockholders as a result of the initiation, prosecution, pendency, and settlement of the Action, Galena's D&O insurance carriers shall, upon Court approval, pay or cause to be paid to Plaintiffs' Counsel attorneys' fees and expenses in the total amount of five million dollars ($5,000,000) (the "Fee Award").  The Fee Award is also the result of Galena and the Board's acceptance of a mediator's proposal by Judge Phillips.  The current Board, in the exercise of its independent business judgment, has agreed to the Fee Award, and the Parties mutually agree that the Fee Award is fair and reasonable in light of the substantial benefits conferred upon Galena and Current Galena Stockholders by this Stipulation.

5.2    The Fee Award shall be transferred to Plaintiffs' Settlement Counsel, as receiving agent for Plaintiffs' Counsel, within ten (10) business days after entry of the Preliminary Order, and shall be immediately releasable to Plaintiffs' Counsel upon entry of the Final Order and Judgment.

5.3    Payment of the Fee Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been

incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein.  Plaintiffs' Settlement Counsel shall have the sole authority for the allocation and distribution of the Fee Award to Plaintiffs' Counsel.  Defendants shall have no obligation to make any payment other than the Fee Award as provided herein to any Plaintiffs' Counsel.

5.4    Plaintiffs' Counsel and their successors have a joint and several obligation to repay (within fifteen (15) business days) the amount of the Fee Award, or part thereof, paid by Galena and/or its successor(s) or insurer(s) as a result of any failure to obtain final approval, final judgment, approval of the full amount of the Fee Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Final Order and Judgment or Fee Award being overturned or substantially modified.  Any law firm that receives any portion of the Fee Award shall be required to return its share of the Fee Award within ten (10) business days in the event that the Effective Date does not occur.

5.5    Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs in connection with the Action; *provided however*, that nothing in this Stipulation shall be construed to have any effect upon any Individual Defendant's existing rights to indemnification or advancement from Galena or pursuant to any policy of insurance.

5.6    In light of the substantial benefits they have helped to create for Galena and all Current Galena Stockholders, any or all of the Plaintiffs may apply for Court-approved incentive awards in the amount of $5,000 each (the "Incentive Awards").  The Incentive Awards shall be funded from the Fee Award, to the extent that this settlement is approved in whole or part.  Defendants shall take no position on the Incentive Awards.

**6.        Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1        The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)        the Board has approved the Settlement and each of its terms as in the best interests of Galena;

(b)        the entry by the Court of the Final Order and Judgment;

(c)        the payment of the Fee Award in accordance with ¶¶ 5.1-5.2 hereof;

(d)        the Final Order and Judgment having become Final;

(e)        the dismissal of all Oregon state court derivative actions;

(f)        Final approval of the partial settlement of the Federal Securities Action involving defendants Galena, Ahn, Schwartz, Dunlap, Kriegsman, Chin, Galliker, Nisi, Hillsberg and Remy Bernarda; and

(g)        the cash payment to the Company in accordance with ¶2.1 hereof.

6.2        If any of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶ 6.3, and the Parties shall be restored to their respective positions in the Action as of the Execution Date of this Stipulation, unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6.3        If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if the judgment specified in ¶ 6.1(d) is successfully attacked collaterally, then the payments to Plaintiffs' Counsel pursuant to Section 5, and any and all interest accrued thereon since payment, shall be returned to Galena, its designee, and/or its successors within ten (10) business days of said event.

6.4     In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions as of the Execution Date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 6.2-6.4, 8.4, 8.6, 8.9, 8.10, and 8.11 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.*

### 7.     Bankruptcy

7.1     In the event any proceedings by or on behalf of Galena, whether voluntary or involuntary, are initiated under any chapter of the U.S. Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2     In the event of any Bankruptcy Proceedings by or on behalf of Galena, the Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the Bankruptcy Court to carry out the terms and conditions of the Stipulation.

8.    **Miscellaneous Provisions**

8.1     The Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2     The Parties agree that the terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the substantial assistance of the Mediator.   No discussions regarding attorneys' fees for Plaintiffs' Counsel were conducted until all material settlement terms were first agreed upon.   The Parties will request that the Final Order and Judgment in the Action contain a finding that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar rules of professional conduct.   The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

8.3     In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

8.4     Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or

liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.7     The Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Parties with respect to the Action, constitute the entire agreement among the Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

8.8     The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Persons.  The Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any

planned, proposed or actual sale, merger or change-in-control of Galena shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of Galena they will continue to seek final approval of this Stipulation expeditiously, including but not limited to the settlement terms reflected in this Stipulation and the Fee Award (as defined herein). The Parties also agree that Galena has already received adequate consideration for payment of the Fee Award.

8.9    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Oregon and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice of law principles.  No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.10    All agreements made and orders entered during the course of the Action relating to the confidentiality of information and documents shall survive this Stipulation.

8.11    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Parties hereby warrants that such Person has the full authority to do so.  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, Plaintiffs' Released Persons, and Defendants' Released Persons.

8.12    The Stipulation may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated as of January 20, 2016.

**SLATER ROSS**

_____
Christopher A. Slater, OSB # 97398
Michael J. Ross, OSB # 91410
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299
cslater@slaterross.com
mjross@slaterross.com

*Local Counsel for Plaintiffs*

**THE WEISER LAW FIRM, P.C.**
Robert B. Weiser
Brett D. Stecker
James M. Ficaro
22 Cassatt Avenue, First Floor
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062
rw@weiserlawfirm.com
bds@weiserlawfirm.com
jmf@weiserlawfirm.com

**THE WEISER LAW FIRM, P.C.**
Kathleen A. Herkenhoff
CA Bar ID 168562
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450
kah@weiserlawfirm.com

**HYNES KELLER & HERNANDEZ, LLC**
Michael J. Hynes
Ligaya Hernandez
Hynes Keller & Hernandez, LLC
1150 First Avenue, Suite 501

26

King of Prussia, PA 19406
Telephone: (610) 994-0292
Facsimile: (914) 752-3041
mhynes@hkh-lawfirm.com
lhernandez@hkh-lawfirm.com

**FEDERMAN & SHERWOOD**
William B. Federman
Sara E. Collier
10205 N Pennsylvania Ave
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
sec@federmanlaw.com

*Counsel for Plaintiffs Klein and Rathore*

**PRICKETT, JONES & ELLIOTT, P.A.**
Michael Hanrahan
Paul A. Fioravanti, Jr.
Kevin H. Davenport
1310 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 888-6500
Facsimile: (302) 658-8111
Mhanrahan@prickett.com
PAFioravanti@prickett.com
KHDavenport@Prickett.com

**KESSLER TOPAZ**
**    MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Matthew A. Goldstein
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512
ezagar@ktmc.com
rwinchester@ktmc.com
mgoldstein@ktmc.com

**GRANT & EISENHOFER P.A.**
Stuart Grant
Cynthia Calder
123 Justison Street

Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
sgrant@gelaw.com
ccalder@gelaw.com

**GARDY & NOTIS, LLP**
James S. Notis
Kira German
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Telephone: (212) 905-0509
Facsimile: (212) 905-0508
jnotis@gardylaw.com

**SQUITIERI & FEARON LLP**
Lee Squitieri
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
lee@sfclasslaw.com

*Counsel for Plaintiffs Fuhs and Spradling*

**STOEL RIVES, LLP**

Lois O. Rosenbaum, OSB No. 773250
lorosenbaum@stoel.com
900 SW Fifth Avenue Suite 2600
Portland, OR 97204
Telephone: 503-224-3380

**KING & SPALDING LLP**
Paul R. Bessette (*Admitted Pro Hac Vice*)
Michael J. Biles (*Admitted Pro Hac Vice*)
401 Congress Avenue
Suite 3200
Austin, TX 78701
Telephone: (512) 457-2050
Facsimile: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com

*Attorneys for Defendant Galena Biopharma, Inc.*

PERKINS COIE LLP

Robert L. Aldisert, OSB No. 940433
RAldisert@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

*Attorneys for Defendants*
*Rudolph Nisi, Sanford Hillsberg, Steven*
*Kriegsman, Stephen Galliker,*
*Richard Chin, Mark Schwartz, Ryan Dunlap*
*and William Ashton*

ANGELI UNGAR LAW GROUP LLC

Kristen Tranetzki, OSB No. 115730
kristen@angelilaw.com
121 SW Morrison St, Suite 400
Portland, OR, 97204
Telephone: (503) 954-3332

DEBEVOISE & PLIMPTON LLP
Jonathan R. Tuttle (*Admitted Pro Hac Vice*)
jrtuttle@debevoise.com
Scott N. Auby (*Admitted Pro Hac Vice*)
snauby@debevoise.com
801 Pennsylvania Avenue NW, Suite 500
Washington, DC 20004
Telephone: (202) 383-8000

*Attorneys for Mark J. Ahn*

29

**PERKINS COIE LLP**

Robert L. Aldisert, OSB No. 940433
RAldisert@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000

*Attorneys for Defendants*
*Rudolph Nisi, Sanford Hillsberg, Steven*
*Kriegsman, Stephen Galliker,*
*Richard Chin, Mark Schwartz, Ryan Dunlap*
*and William Ashton*

**ANGELI UNGAR LAW GROUP LLC**

Kristen Tranetzki, OSB No. 115730
kristen@angelilaw.com
121 SW Morrison St, Suite 400
Portland, OR, 97204
Telephone: (503) 954-3332

**DEBEVOISE & PLIMPTON LLP**
Jonathan R. Tuttle (*Admitted Pro Hac Vice*)
jrtuttle@debevoise.com
Scott N. Auby (*Admitted Pro Hac Vice*)
snauby@debevoise.com
801 Pennsylvania Avenue NW, Suite 500
Washington, DC 20004
Telephone: (202) 383-8000

*Attorneys for Mark J. Ahn*

EXHIBIT A

## EXHIBIT A

### CORPORATE GOVERNANCE MEASURES

Galena Biopharma, Inc. ("Galena" or the "Company"), through its Board of Directors (the "Board"), has adopted or shall adopt and implement the reforms set forth below within ninety (90) days after the Effective Date (as defined in the Stipulation and Agreement of Settlement (the "Stipulation") dated January 20, 2016). Defendants acknowledge that the filing of the Action (as defined in the Stipulation) was a primary cause and an important, material factor in the Company's enactment of these reforms as well as those reforms enacted after the Action was filed. Defendants agree that these reforms confer a material benefit on Galena and its stockholders.

## I.     REFORMS TO STOCK OPTION GRANTING PRACTICES

A.     Stock options granted to all officers and directors shall be granted only on pre-set dates, which shall be set by the Compensation Committee prior to the end of the first quarter of the calendar year in which the options are to be granted. The method used to determine the pre-set grant dates, and any future changes thereto, shall be publicly reported in the fiscal year's proxy statement in which the method is established or the change is made.

B.     Stock options grants shall not be made through unanimous written consent.

C.     The Compensation Committee shall determine grantees, amounts, dates and prices of stock options and no changes shall be made after the grant is approved.

D.     The General Counsel ("GC"), or, if the GC is unavailable, outside counsel acting at the request of the Compensation Committee, shall attend any meeting where stock options are granted and minutes of the meeting shall be drafted and circulated within thirty (30) days following the meeting.

E.     The exercise price of all stock options granted under Galena's Amended and Restated 2007 Incentive Plan shall not be less than the closing price of Galena's stock on the date of the grant.

F.     The exercise price of stock options shall not be lowered after they are granted, nor exchange stock options for options with lower exercise prices.

G.     Galena shall maintain all records relating to all stock option grants for at least seven (7) years.

H.     No director, officer, employee, consultant or other personnel shall be granted the right to extend vesting of his or her stock option(s) or otherwise modify the terms of his or her prior stock option grant, unless otherwise agreed to by the

1

Compensation Committee, disclosed in Galena's next proxy statement and the price is not changed to less than the strike price.

I.     All plans shall clearly define the exercise price, the grant date and fair market value of stock, which must equal the closing stock price on the day of the grant.

J.     Plans shall comply with legal, professional and ethical requirements for proper disclosure and proper accounting and shall provide appropriate documentation for proper disclosure and accounting.

K.     Plans shall identify who is responsible for ensuring compliance with applicable laws and regulations by option grantees (*e.g.*, timely and accurate filing of SEC Forms 3, 4, and 5, as applicable), and shall provide effective monitoring mechanisms to ensure that such laws, and the plans, are followed.

L.     Within one (1) year after approval of the settlement, Galena's SOX external auditors shall conduct an investigation into the adequacy of Galena's internal controls relating to stock option grants and report its findings to the full Board, which shall publish the findings in Galena's next proxy statement.

## II.     CORPORATE GOVERNANCE REFORMS

A.     Galena adopted an Insider Trading Policy in May 2014, with the GC now serving as the Trading Compliance Officer, and uses pre-clearance forms to document clearances and approvals of 10b5-1 plans, with 10b5-1 plans attached to the pre-clearance form.  The trading window will close on the first day of the final month of the quarter.  The GC, acting as the Compliance Officer, shall include in the Company's Insider Trading Policy a hardship exception provision to the trading blackout.  Any stock sales made pursuant to the Hardship Exception should be duly noted on the Form 4 reporting the sale.

B.     The GC shall serve as the Trading Compliance Officer who will monitor the Insider Trading Policy and enforce sanctions for non-compliance.

C.     Galena has adopted a formal Enterprise Risk Management ("ERM") program that will identify and address corporate risks, including non-financial statement fraud, compliance with laws and regulations, and risks related to the activities of IR/PR firms. Galena's new ERM program will also include a component related to succession planning and internal auditing.

D.     The Audit Committee shall adopt new charter provisions to formalize its role in evaluating legal and regulatory compliance, as well as its role in overseeing the Code of Ethics and complaints.

E.     Galena shall expand the role of Protivity to assist management with scoping, risk assessment, review and reporting of the operation and results of the ERM program.

2

F.      The GC shall be responsible for and perform the following functions: (i) oversight of the ERM program; (ii) oversight of the Code of Ethics; (iii) compliance reporting; and (iv) legal compliance.

G.      Board and committee materials shall be circulated at least forty-eight (48) hours in advance of meetings.

H.      Board and committee minutes shall be drafted and circulated within thirty (30) days of the meeting.

I.       The Audit Committee Charter shall be amended to include routine executive sessions with internal and external audit functions.

J.       Galena shall train all personnel in areas associated with IR/PR cross-functionality.

K.      Galena has amended the Authority matrix to require approval from the Senior Vice President of Communications, Chief Financial Officer, Chief Executive Officers ("CEO") and Board for all IR/PR contracts.

L.      Galena shall retain an independent Compensation Consultant and use the Consultant's recommendations and to set forth whether or not the recommendations were accepted, and if not, the reasons for not accepting such recommendations in the 2016 Proxy Statement.

M.     Independent directors shall meet in executive session at least four (4) times per year outside of the presence of executive officers.

N.      Galena shall add one (1) new independent director to the Board as of the 2016 Annual Meeting unless, before that time, one or more of the current directors either resigns or chooses to not stand for re-election at which time the new independent director will be appointed to the Board.

O.      Galena shall not give effect to the forum selection clause in its bylaws and will delete the clause the next time it files an amendment to its bylaws.

III.   REFORMS MADE DURING THE PENDENCY OF THE LITIGATION

A.      Galena modified the matrix for the authority to conduct business to require some form of Board approval for all contracts greater than $200,000. Contracts between $200,000 and $500,000 require approval from the Audit Committee Chairman; contracts between $500,000 and $1,000,000 require approval from two of three of the key chairs (Board, Audit, and Nominating and Governance); and contracts greater than $1,000,000 require full Board approval. Any subsequent changes to this authority shall be approved by the Board.

B.     The Company will require Board members to annually read and acknowledge the Code of Ethics and insider trading policies. This acknowledgment will be reflected in the Board meeting minutes.

C.     Galena hired a new GC, Tom Knapp, who has a background in compliance.

D.     Galena appointed a new CEO.

E.     Galena appointed a new chair of the Compensation Committee.

# EXHIBIT B

Christopher A. Slater, OSB # 97398
cslater@slaterross.com
Michael J. Ross, OSB # 91410
mjross@slaterross.com
SLATER ROSS
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299

*Local Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| In re GALENA BIOPHARMA INC. DERIVATIVE LITIGATION | Case No.: 3:14-cv-00382-SI LEAD<br><br>3:14-cv-00514-SI<br>3:14-cv-00516-SI<br>3:15-cv-01465-SI |
| This Document Relates To:<br>ALL ACTIONS. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the parties to the above-captioned consolidated shareholder derivative actions (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Settlement of the Action, in accordance with the Stipulation and Agreement of Settlement dated January 20, 2016 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth

1

therein; and (ii) approving the form and content of the Notice to Current Galena Stockholders (the "Notice") to be filed with the U.S. Securities and Exchange Commission ("SEC") via a Current Report on Form 8-K and posted on the Investor portion of Galena's website, and approving the form and content of the Summary Notice to Current Galena Stockholders (the "Summary Notice") to be published one time in *Investors' Business Daily*;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.      A hearing (the "Settlement Hearing") shall be held before the Court on _____ ____, 2016 at _____ __.m. to determine:  (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to Galena and Current Galena Shareholders and should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the Settlement, as provided for in paragraph 1.14 of the Stipulation and attached thereto as Exhibit E, should be entered; and (iii) whether Plaintiffs' Counsel's agreed-to Fee Award should be finally approved.

3.      The Court approves, as to form and content, the Notice attached as Exhibit C and the Summary Notice attached as Exhibit D to the Stipulation and for convenience annexed as Exhibits C and D hereto, and finds that the posting of such Notice and Summary Notice

substantially in the manner and form set forth in the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.      Not later than ten (10) business days following entry of this Order, Galena shall: (a) cause a Current Report on Form 8-K to be filed with the SEC that contains the contents of the Summary Notice, attach a copy of the Stipulation to the 8-K and provide a link in the 8-K to the Stipulation and Notice that shall be posted on the Investor portion of Galena's website; and (b) cause a copy of the Summary Notice to be published one time in *Investor's Business Daily*.

5.      All papers in support of the Settlement, the Fee Award, and the Incentive Awards shall be filed with the Court and served at least twenty-one (21) days prior to the Settlement Hearing and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing.

6.      Any Current Galena Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award or Incentive Awards should not be finally approved; provided, however, unless otherwise ordered by the Court, no Current Galena Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the Fee Award or Incentive Awards, unless that Stockholder has, ***at least fourteen (14) days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Galena common stock through the date of the Settlement Hearing, including the number of shares of Galena common stock and the date

3

of purchase; and (c) any documentation in support of such objection; and (2) if a Current Galena Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such Stockholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subject of their testimony.  If a Current Galena Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

<table>
<tr>
<td>

Brett D. Stecker
THE WEISER LAW FIRM, P.C.
22 Cassatt Ave, Suite 100
Berwyn, PA 19312

*Counsel for Plaintiffs*

Robin Winchester
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

*Counsel for Plaintiffs*

</td>
<td>

Paul R. Bessette
KING & SPALDING
401 Congress Avenue, Suite 3200
Austin, TX 78701

*Counsel for Galena Biopharma, Inc.*

Robert L. Aldisert
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128

*Counsel for Defendants Rudolph Nisi, Sanford Hillsberg, Steven Kriegsman, Stephen Galliker, Richard Chin, Mark Schwartz, Ryan Dunlap and William Ashton*

Jonathan R. Tuttle
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW, Suite 500
Washington, DC 20004

*Counsel for Defendant Mark Ahn*

</td>
</tr>
</table>

4

Any Current Galena Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee Award, or the Incentive Awards as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

7.     At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the publication of the Notice and Summary Notice.

8.     All Current Galena Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Galena Stockholders.

9.     Pending final determination of whether the Settlement should be approved, no Current Galena Stockholders, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Individual Defendants or Galena, or derivatively on behalf of Galena, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims.

10.     Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released

Persons or Plaintiffs' Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.    The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Galena Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Galena Stockholders.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE MICHAEL H. SIMON
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

Christopher A. Slater, OSB # 97398
cslater@slaterross.com
Michael J. Ross, OSB # 91410
mjross@slaterross.com
SLATER ROSS
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299

*Local Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

|  |  |  |
|---|---|---|
| In re GALENA BIOPHARMA INC. DERIVATIVE LITIGATION | : : : : : : : : : | Case No.: 3:14-cv-00382-SI LEAD<br><br>3:14-cv-00514-SI<br>3:14-cv-00516-SI<br>3:15-cv-01465-SI |
| This Document Relates To: ALL ACTIONS. | : : : : : : : | |

## NOTICE TO CURRENT GALENA STOCKHOLDERS

**TO:    ALL OWNERS OF GALENA BIOPHARMA, INC. ("GALENA" OR THE "COMPANY") COMMON STOCK AS OF JANUARY 20, 2016.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.    YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.**

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, STOCKHOLDERS OF GALENA WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT**

1

**AND FROM PURSUING THE SETTLED CLAIMS.  THIS ACTION IS NOT A "CLASS ACTION."  THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Federal Rule of Civil Procedure 23.1 and an Order from the Honorable Michael H. Simon of the U.S. District Court for the District of Oregon, that a proposed settlement agreement has been reached among Plaintiffs,[1] on behalf of themselves and derivatively on behalf of Galena, Individual Defendants, and Galena in connection with the stockholder derivative action entitled *In re Galena Biopharma Inc. Derivative Litigation*, Lead Case No. 3:14-cv-382-SI.

Plaintiffs filed the Action derivatively on behalf of Galena to remedy the alleged harm caused to the Company by the Individual Defendants' alleged breaches of their fiduciary duties. The proposed Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation and summarized in this Notice, including the dismissal of the Action with prejudice.

As explained below, a Settlement Hearing shall be held before the Court on _____ ___, 2016 at _____ __.m. to determine whether, *inter alia*, the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the

---

[1] For purposes of this Notice, the Court incorporates by reference the definitions in the Parties' Stipulation and Agreement of Settlement (the "Stipulation") fully executed as of January 20, 2016, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.  A copy of the Stipulation is available on Galena's website at *https://www.galenabiopharma*.com and may be inspected at the Clerk of the Court's Office for the U.S. District Court for the District of Oregon, Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR 97204.

Court.  You have the right to object to the Settlement in the manner provided herein.  If you fail to object in the manner provided herein *at least fourteen (14) days prior to the Settlement Hearing*, you will be deemed to have waived your objections and will be bound by the Final Order and Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims made in the Action, but is merely to advise you of the proposed Settlement and of your rights as a Current Galena Stockholder.

I.    **BACKGROUND**

A.    **The Action**

Galena is a biopharmaceutical company developing and commercializing innovative, targeted oncology treatments that address major unmet medical needs to advance cancer care. The Company's lead product candidate has been NeuVax™ (nelipepimut-S) ("NeuVax"), which is in Phase 3 clinical trials for preventing the recurrence of breast cancer.  Defendants have admitted that NeuVax is the Company's lead product.  By 2013, however, questions arose about the financial success of this product and in turn the financial health of Galena.

In July 2013, Galena hired a subsidiary of a stock promotion firm, the DreamTeam Group (the "DreamTeam"), to initiate a campaign that Plaintiffs allege was designed to artificially boost the Company's stock price.  According to the allegations in the Action, based on the efforts of the DreamTeam, Galena's stock price more than doubled, rising more than 100% in just three months' time.  By January 2014, Galena's stock price was trading at prices between $5 and $7 per share, which prices Plaintiffs allege were artificially inflated.

Plaintiffs further allege that in a period of less than one month, between January 17, 2014

3

and February 12, 2014, and while in possession of material, adverse, non-public information, certain of the Defendants -- including six members of the Board -- sold over 2.8 million shares of their personally-held Galena stock on the open market, collectively reaping proceeds of over $15.2 million.  On March 16, 2014, Defendants disclosed "that the SEC is investigating certain matters relating to our company and an outside investor-relations firm that we retained in 2013."

On August 31, 2015, the Court granted Plaintiffs Unopposed Motion to File Verified Third Amended Consolidated Shareholder Derivative Complaint (the "Complaint").   The Complaint alleges, *inter alia*, that Galena's directors and senior executive officers unlawfully abused their positions as fiduciaries of the Company for their personal financial gain.  Specifically, the Complaint alleges that the Individual Defendants secretly manipulated the Company's stock price to artificially pump it up in order to later dump a significant portion of their Galena stock, including improperly granted stock option awards, when Galena stock was trading at historically high and artificially inflated prices.  The Complaint also alleges that the Individual Defendants improperly used valuable inside information to spring-load stock options to themselves, *i.e.*, options that are granted just prior to a company's release of material information reasonably expected to drive the market price of the shares higher, and in their haste to grant the options, failed to comply with the requirements of the Delaware General Corporation Law.  The Complaint alleges seven counts for: (1) breach of fiduciary duty for disseminating false and misleading information; (2) invalidity of stock options; (3) breach of fiduciary duty for insider selling and/or granting the spring-loaded stock option awards; (4) unjust enrichment in connection with insider selling and/or receipt of the spring-loaded stock options; (5) breach of fiduciary duty in connection with the enactment and attempted enforcement of the forum selection clause; (6)  breach of fiduciary duty in connection with the excessive 2013 stock option

4

awards and cash compensation to the outside directors; and (7) unjust enrichment in connection with the excessive 2013 stock option awards.

Plaintiffs issued a joint settlement demand on May 8, 2015 in advance of a proposed mediation to be held before the Honorable Layn R. Phillips, U.S. District Judge (Retired) ("Judge Phillips").  As a precondition to attending the mediation, Plaintiffs required Defendants to produce certain non-public documents including documents produced to the U.S. Securities and Exchange Commission (the "SEC") and reviewed by the Board's Special Committee and Special Litigation Committee ("SLC").   As a result, Defendants produced nearly 24,000 documents to Plaintiffs (the "Mediation Production").

The full-day mediation (the "Mediation") took place in New York City on September 19, 2015.  While the Mediation did not result in a resolution of the Action at the session, the Parties' submissions and other communications in connection with the Mediation served as the basis for subsequent negotiations, overseen by Judge Phillips.  With the substantial assistance of Judge Phillips, the Parties reached an agreement in principle to settle the Action, and executed a term sheet dated December 4, 2015.   The Parties subsequently negotiated and executed the Stipulation.

## II.  PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs' Counsel conducted an extensive investigation relating to the claims and the underlying events alleged in the Action, including, but not limited to: (1) inspecting, analyzing, and reviewing Galena's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) drafting and filing the various initial and consolidated derivative complaints in the Action and in the Delaware Action, as well as drafting the 220 Demands and filing the 220 Action; (3) researching the applicable law with respect to the

claims asserted in the Action and the potential defenses thereto; (4) researching corporate governance issues; (5) opposing and arguing several motions to dismiss and stay the Action; (6) preparing and submitting a detailed mediation statement; (7) preparing and submitting a detailed settlement demand; (8) participating in the September 19, 2015 in-person Mediation in New York City; (9) reviewing and analyzing over 28,000 pages of non-public documents, *i.e.*, the 220 Documents and Mediation Production; and (10) participating in extensive settlement discussions with counsel for Defendants.

Plaintiffs' Counsel believes that the claims asserted in the Action have merit and that their investigation supports the claims asserted. Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and solely in order to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including a potential trial and appeal, Plaintiffs have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Plaintiffs and Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and through possible appeal. Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in a complex case such as the Action, as well as the difficulties and delays inherent in such litigation. Additionally, Plaintiffs' Counsel also considered the best interests of Galena, as the Action is brought on its behalf, including the risks that on-going litigation could result in loss or substantial diminution of available D&O insurance and financial hardship to Galena with risk that the Individual Defendants (absent insurance) would be unable to satisfy fully any judgment that might be entered in the Action and that the Defendants would also be unable to settle the related Federal

Securities Action. Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interests of Plaintiffs, Galena, and Current Galena Stockholders, and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny that they have committed or attempted to commit any violations of law, any breach of fiduciary duty owed to Galena, or any wrongdoing whatsoever. Without admitting the validity of any of the claims Plaintiffs have asserted in the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth in the Stipulation. Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation. Further, Defendants acknowledge that the Settlement is fair, reasonable, adequate, and in the best interests of Galena and Current Galena Shareholders.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Final Order and Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is or may be construed or used as evidence of the validity of any of Plaintiffs' Released Claims, or as an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever.

## IV.    THE SETTLEMENT HEARING

The Settlement Hearing will be held before the Honorable Michael H. Simon on _____ ___, 2016 at _____ __.m. at the U.S. District Court for the District of Oregon, Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR 97204 to determine: (i) whether the proposed Settlement, upon the terms set forth in the Stipulation,

should be finally approved in all respects as fair, reasonable, and adequate; (ii) whether the Final Order and Judgment approving the Settlement should be entered; (iii) whether Plaintiffs' Counsel's agreed-to Fee Award should be finally approved; and (iv) whether the Incentive Awards should be finally approved.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof without further notice.

## V.    THE SETTLEMENT

The terms and conditions of the proposed Settlement are set forth fully in the Stipulation described above.  The following is only a summary of its terms.

Galena's directors' and officers' insurers have paid or will cause to be paid to the Company the amount of Fifteen million dollars ($15,000,000).    In addition, defendants Hillsberg, Kriegsman, Nisi, Galliker, Chin and Ashton shall forfeit all of the stock options granted to them by Galena in November 2013, totaling 1,200,000 shares.    Galena has implemented or, to the extent Galena has not done so, will implement certain corporate governance reforms as specifically set forth at Exhibit A of the Stipulation.  Finally, defendant Mark Ahn has forfeited certain contractual severance payments valued at approximately $880,000, as well as 1,181,250 stock options with an intrinsic value of approximately $503,062, and Galena shall cancel any and all outstanding stock options awarded to Lidingo Holdings LLC in August 2013.

The Parties acknowledge that the risk to the Individual Defendants of continuing to contest Plaintiffs' claims was a substantial factor in persuading Defendants' insurance carriers to contribute to this Settlement.  Defendants further acknowledge that this Settlement has and/or will confer substantial benefits upon Galena and Current Galena Stockholders.

## VI.  DISMISSAL AND RELEASES

In connection with the Court's approval of the Settlement, the Parties will jointly request entry of the Final Order and Judgment by the Court, dismissing with prejudice of all claims alleged by Plaintiffs against the Individual Defendants in the Action.

Upon the Effective Date, Plaintiffs, Galena, and Current Galena Stockholders, on behalf of themselves, and each of the Plaintiffs' Released Persons, shall be deemed to have - and by operation of the Final Order and Judgment shall have - released, waived, relinquished, discharged, and dismissed any and all of Plaintiffs' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all Plaintiffs' Released Claims, against Defendants and the Individual Defendants' Released Persons.

Further, upon the Effective Date, Defendants, on behalf of themselves, and each of the Defendants' Released Persons, shall be deemed to have - and by operation of the Final Order and Judgment shall have - released, waived, relinquished, discharged, and dismissed any and all Defendants' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all Defendants' Released Claims, against Plaintiffs and Plaintiffs' Released Persons.

## VII.  ATTORNEYS' FEES AND EXPENSES

After negotiation of the principal terms of the Settlement, Plaintiffs' Counsel and Galena, with the substantial assistance and oversight of Judge Phillips, separately negotiated at arm's-length the amount of attorneys' fees and expenses to be awarded by the Court to Plaintiffs' Counsel. In recognition of the substantial benefits provided to Galena and Current Galena Stockholders as a result of the initiation, prosecution, pendency, and settlement of the Action,

Galena D&O insurance carriers shall, upon Court approval, pursuant to the timetable provided herein, pay or cause to be paid to Plaintiffs' Counsel attorneys' fees and expenses in the total amount of five million dollars ($5,000,000) (the "Fee Award").  Plaintiffs' Counsel may also apply on behalf of Plaintiffs for incentive awards in the amount of $5,000 each (the "Incentive Awards") based on the substantial benefits they have helped to create for Galena and Current Galena Stockholders.  The Incentive Awards shall be funded from the Fee Award, to the extent that this Settlement is approved in whole or part.

The Fee Award is also the result of Galena and the Board's acceptance of a mediator's proposal by Judge Phillips. The current Board, in the exercise of its independent business judgment, has agreed to the Fee Award, and the Parties mutually agree that the Fee Award is fair and reasonable in light of the substantial benefits conferred upon Galena and Current Galena Stockholders by this Settlement.

## VIII.  THE RIGHT TO OBJECT AND/OR BE HEARD AT THE SETTLEMENT HEARING

Any Current Galena Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award or Incentive Awards should not be approved; provided, however, unless otherwise ordered by the Court, no Current Galena Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the Fee Award or Incentive Award, unless that shareholder has, *at least fourteen (14) days prior to the Settlement Hearing*: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Galena common stock through the date of the Settlement

Hearing, including the number of shares of Galena common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current Galena Stockholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  If a Current Galena Stockholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

Brett D. Stecker
THE WEISER LAW FIRM, P.C.
22 Cassatt Ave
Berwyn, PA 19312

Robin Winchester
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

*Counsel for Plaintiffs*

Paul R. Bessette
KING & SPALDING
401 Congress Avenue, Suite 3200
Austin, TX 78701

*Counsel for Galena Biopharma, Inc.*

Robert L. Aldisert
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128

*Counsel for Defendants Rudolph Nisi,
Sanford Hillsberg, Steven Kriegsman,
Stephen Galliker, Richard Chin, Mark
Schwartz, Ryan Dunlap and William
Ashton*

Jonathan R. Tuttle
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW, Suite
500
Washington, DC 20004

*Counsel for Mark Ahn*

11

Any Current Galena Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee Award, and the Incentive Awards as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

## IX.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, which requires, among other things: (1) entry of the requested Final Order and Judgment by the Court; (2) the payment of the Fee Award; (3) the Final Order and Judgment having become Final; (4) the dismissal of all Oregon state court derivative actions; and (5) final approval of the parties settlement of the Federal Securities Action involving defendants Galena, Ahn, Schwartz, Dunlap, Kriegsman, Chin, Galliker, Nisi, Hillsberg and Remy Bernarda.  If, for any reason, any one of the conditions described in the Stipulation is not met and the entry of the Final Order and Judgment does not occur, the Stipulation might be terminated and, if terminated, will become null and void; and the Parties to the Stipulation will be restored to their respective positions as of January 20, 2016.

## X.    EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the Settlement.  For a more detailed statement of the matters involved in the Action, reference is made to the Stipulation, which is available on Galena's website at *https://www.galenabiopharma.com* and may be inspected at the Clerk of the Court's Office, U.S. District Court for the District of Oregon, Mark O. Hatfield U.S.

Courthouse, 1000 S.W. Third Ave., Portland, OR 97204, during business hours of each business day.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to the following:

BRETT D. STECKER
THE WEISER LAW FIRM, P.C.
22 Cassatt Ave
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 225-2678

ROBIN WINCHESTER
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706

*Counsel for Plaintiffs*

**PLEASE DO NOT TELEPHONE THE COURT OR GALENA REGARDING THIS NOTICE.**

# EXHIBIT D

Christopher A. Slater, OSB # 97398
cslater@slaterross.com
Michael J. Ross, OSB # 91410
mjross@slaterross.com
SLATER ROSS
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299

*Local Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

|  |  |
|---|---|
| In re GALENA BIOPHARMA INC. DERIVATIVE LITIGATION | : Case No.: 3:14-cv-00382-SI<br>: LEAD<br>:<br>: 3:14-cv-00514-SI<br>: 3:14-cv-00516-SI<br>: 3:15-cv-01465-SI<br>: |
| This Document Relates To: ALL ACTIONS. | :<br>:<br>:<br>:<br>:<br>: |

## SUMMARY NOTICE OF SETTLEMENT OF GALENA BIOPHARMA, INC. DERIVATIVE ACTION AND SETTLEMENT HEARING

**TO:    ALL OWNERS OF GALENA BIOPHARMA, INC. ("GALENA" OR THE "COMPANY") COMMON STOCK AS OF JANUARY 20, 2016 ("CURRENT GALENA SHAREHOLDERS").**

YOU ARE HEREBY NOTIFIED that the parties to the above-captioned stockholder derivative action, as set forth in *In re Galena Biopharma Inc. Derivative Litigation*, Lead Case No. 3:14-cv-382-SI (the "Action"), have reached a settlement (the "Settlement") to resolve the issues raised in the Action.  The parties have entered into a Stipulation and Agreement of

1

Settlement (the "Stipulation") dated January 20, 2016 setting forth the terms of the Settlement. The Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation.

The Action and Settlement address claims alleging that certain current and former directors and officers of Galena breached their fiduciary duties by hiring a stock promotion firm to artificially increase the share price of Galena stock and then improperly profiting from that stock price increase. As part of the Settlement, Galena's directors' and officers' insurers have paid or caused to be paid the amount of fifteen million dollars ($15,000,000) to the Company. In addition, defendants Hillsberg, Kriegsman, Nisi, Galliker, Chin and Ashton shall forfeit all of the stock options granted to them by Galena in November 2013 totaling 1,200,000 shares. Galena has implemented or, to the extent Galena has not done so, will implement certain corporate governance reforms as specifically set forth at Exhibit A of the Stipulation. Finally, defendant Mark Ahn has forfeited certain contractual severance payments valued at approximately $880,000, as well as 1,181,250 stock options with an intrinsic value of approximately $503,062, and Galena shall cancel any and all outstanding stock options awarded to Lidingo Holdings LLC in August 2013.

The Individual Defendants have denied, and continue to deny, all allegations of wrongdoing and that they have any liability on the claims asserted in the Action. Galena also has denied and continues to deny the claims in the Action.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District Court for the District of Oregon (the "Court"), a hearing (the "Settlement Hearing") will be held before the Honorable Michael H. Simon on _____, 2016 at __.m. in Courtroom __ of the Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR

97204: (i) to determine whether the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Galena and the Current Galena Stockholders; (ii) to determine whether the Final Order and Judgment should be entered dismissing the Action with prejudice, releasing the Released Claims, and enjoining and/or barring prosecution of any and all Released Claims; (iii) to determine whether the Fee Award should be approved; and (iv) to consider such other matters as may properly come before the Court. The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof without further notice to Current Galena Stockholders.

A detailed Notice of Settlement of Galena Biopharma, Inc. Derivative Action and Settlement Hearing (the "Notice") describing in greater detail the Action, the proposed Settlement, and the rights of Current Galena Stockholders with regard to the Settlement is available on Galena's website at *https://www.galenabiopharma.com*. The Stipulation is also available on Galena's website at *https://www.galenabiopharma.com* and may be inspected at the Office of the Clerk of the United States District Court for the District of Oregon located at the Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR 97204, during regular business hours of each business day.

If you are a Current Galena Stockholder, your rights to pursue certain derivative claims on behalf of Galena may be affected by the Settlement. Any Current Galena Stockholder wishing to assert an objection to the Settlement must, ***at least fourteen (14) days prior to the Settlement Hearing***, (1) file with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Galena common stock through the date of the Settlement Hearing, including the number of shares of Galena common stock held by the shareholder and the date(s) of purchase; and (c) any documentation in support

of such objection; and (2) if a Current Galena Stockholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  Copies of any such filings must also simultaneously be served (either by hand delivery or by first-class mail) on the parties' counsel of record as set forth in the Notice posted on Galena's website.

Current Galena Stockholders have the right to object to the Settlement in the manner provided herein, and failure to object in the manner provided in the Notice *at least fourteen (14) days prior to the Settlement Hearing* will be deemed a waiver of all objections.  Any Current Galena Stockholder who fails to properly object will be bound by the Final Order and Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

Any inquiries regarding the Settlement or the Action should be directed to Plaintiffs' Counsel:

BRETT D. STECKER
THE WEISER LAW FIRM, P.C.
22 Cassatt Ave
Berwyn, PA 19312
Telephone: (610) 225-2677

ROBIN WINCHESTER
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

**PLEASE DO NOT TELEPHONE THE COURT OR GALENA REGARDING THIS NOTICE.**

# EXHIBIT E

Christopher A. Slater, OSB # 97398
cslater@slaterross.com
Michael J. Ross, OSB # 91410
mjross@slaterross.com
SLATER ROSS
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299

*Local Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

|  |  |
|---|---|
| In re GALENA BIOPHARMA INC.<br>DERIVATIVE LITIGATION | : Case No.: 3:14-cv-00382-SI<br>: LEAD<br>:<br>: 3:14-cv-00514-SI<br>: 3:14-cv-00516-SI<br>: 3:15-cv-01465-SI<br>: |
| This Document Relates To:<br>ALL ACTIONS. | :<br>:<br>:<br>:<br>:<br>: |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order
Preliminarily Approving Derivative Settlement and Providing for Notice, dated
_____ (the "Preliminary Approval Order"), on the application of the Parties for
final approval of the settlement set forth in the Stipulation and Agreement of Settlement dated
January 20, 2016 (the "Stipulation").  Due and adequate notice having been given to Current
Galena Stockholders as required in said Preliminary Approval Order, and the Court having
considered all papers filed and proceedings had herein and otherwise being fully informed in the

1

premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED that:

1.      This Final Order and Judgment incorporates by reference the definitions in the
Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the
Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all
matters necessary to effectuate the Settlement, and over all Parties.

3.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable,
and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects,
finds that the Settlement set forth in the Stipulation provides substantial benefits to Galena and
Current Galena Stockholders, and orders the Parties to perform its terms to the extent the Parties
have not already done so.

4.      The Action, all claims contained therein, and Plaintiffs' Released Claims are
hereby ordered as compromised, settled, released, discharged and dismissed on the merits and
with prejudice by virtue of the proceedings herein and this Final Order and Judgment.  As among
Plaintiffs, Galena, and the Individual Defendants, the Parties are to bear their own costs, except
as otherwise provided in the Stipulation; *provided however*, that nothing herein shall affect any
Individual Defendant's right to indemnification or advancement from Galena or any insurance
carrier.

5.      Plaintiffs' Released Persons are forever barred and enjoined from instituting,
commencing, or prosecuting against Defendants and/or Defendants' Released Persons any of
Plaintiffs' Released Claims as well as any claims arising out of, relating to, or in connection with
the institution, prosecution, assertion, defense, Settlement, or resolution of the Action.

2

6.      Defendants' Released Persons are forever barred and enjoined from instituting, commencing or prosecuting against Plaintiffs and/or Plaintiffs' Released Persons any of Defendants' Released Claims as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, Settlement, or resolution of the Action.

7.      Upon the Effective Date, Galena, Plaintiffs (individually and derivatively on behalf of Galena), and Current Galena Stockholders (solely in their capacity as Galena stockholders) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8.      Upon the Effective Date, Defendants and Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Released Persons from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, Settlement, or resolution of the Action or Plaintiffs' Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9.      The Court finds that the Notice and Summary Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

10.     Within ten (10) business days following the entry of this Final Order and Judgment, the Defendants will apply to the State Court to have the State Derivative Action dismissed with prejudice.

11.     The Court finds that during the course of the Action, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

12.     The Court finds that the Fee Award and Incentive Awards are fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award and Incentive Awards.

13.     Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith

4

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

15.    This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: _____            _____
                                          HONORABLE MICHAEL H. SIMON
                                          UNITED STATES DISTRICT JUDGE