Jeffrey Ratliff
rgilbertson@qwestoffice.com
**RANSOM GILBERTSON MARTIN
& RATLIFF, LLP**
1500 NE Irving Street, Suite 412
Portland, Oregon 97232
Tel: 503-226-3664
*Liaison Counsel for Securities Plaintiffs*

Patrick V. Dahlstrom (*pro hac vice to be filed*)
pdahlstrom@pomlaw.com
**POMERANTZ LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184

*One of the Securities Plaintiffs' Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| In re GALENA BIOPHARMA INC. DERIVATIVE LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | CASE No.:3:14-cv-00382-SI<br><br>**REPLY TO DERIVATIVE COUNSEL'S RESPONSE TO AMICUS BRIEF OF SECURITIES CLASS ACTION PLAINTIFFS** |

Kisuk Cho, Anthony Kim, Pantelis Lavidas, and Joseph Buscema (the "Securities Plaintiffs"), lead plaintiffs in the securities class action *In re Galena Biopharma, Inc. Securities Litigation*, 3:14-cv-367-SI (D. Or.) (the "Securities Class Action"), file this Reply to Derivative Counsel's Response to Class Plaintiffs' Amicus Brief filed on April 14, 2016 (Dkt. No. 120).

The Class Plaintiffs' Amicus Brief was filed to provide the Court transparency about the two Settlements pending for approval related to the scheme to pump up the price of Galena common stock during the period of August 6, 2013 through May 14, 2014.  The Derivative Plaintiffs' response to the Amicus Brief asserts that statements in the Amicus Brief conflict with statements made by the Company elsewhere. Settling Defendants, including Galena Biopharma, Inc., ("Galena" or the "Company"), however, have specifically acknowledged and agreed with each of the factual claims made in the Amicus Brief, as set forth in the Stipulation of Settlement filed with this Court in the Securities Class Action.  *See In re Galena Biopharma, Inc. Securities Litigation*, 3:14-cv-367-SI, Stipulation of Settlement (D. Or.) (Dkt. No. 170) (the "Class Action Stipulation of Settlement").[1]

The Class Action Stipulation of Settlement calls for Galena's D&O Insurers to pay $16.7 million in cash into the Class Action Escrow Fund, and Galena to pay $2.3 million in cash and $1million in Galena stock into the Class Action Escrow Fund, for total Settlement Consideration of $20 million.  *See* Class Action Stipulation of Settlement at ¶ 2.

Galena stipulated in the Class Action Stipulation of Settlement that *the Class settlement was negotiated prior to the Derivative Settlement*:

> Settling Defendants acknowledge, and will not take a contrary position or represent otherwise, that . . . (ii) the Settlement Consideration, the MOU [Memorandum of Understanding] and the material terms of the Settlement

---

[1] A copy of the Class Action Stipulation of Settlement was filed with the Amicus Brief in this action, Dkt. No. 120-1.

>Stipulation were negotiated by Plaintiffs in the Securities Class Action and their counsel *prior to any resolution of any of the Derivative Actions*.

Class Action Stipulation of Settlement, at ¶ 83 (italics added).

Galena also expressly stipulated that the $20 million Settlement Consideration was *entirely* the results of the efforts of Class Plaintiffs and Class Counsel:

>the amount of the Settlement Consideration recovered for the Settlement Class, and the Settlement Stipulation, are entirely attributable to the actions and efforts of the Plaintiffs and Plaintiffs' Counsel in the Securities Class Action and the merits of the claims and defenses asserted in the Securities Action . . . .

*Id.*, at ¶ 83(i). Moreover, Galena stipulated that "the amount of Settlement Consideration was separately negotiated and agreed with Lead Plaintiffs *before and independent of the settlement of any of the derivative actions*." *Id.,* at 82 (italics added).

Thus, while there may have been temporal overlap in the separate negotiations taking place in each action to settle their separate claims, Galena admitted that the $20 million Settlement Consideration, MOU, and the material terms of the Securities Class Action Settlement Stipulation were negotiated in the Securities Class Action *prior to any resolution of any of the Derivative Actions.*

The Class Action Stipulation of Settlement also expressly provided that $16.7 million of that the Settlement Consolidation would be paid directly by the D&O Insurers into the Class Action Escrow Account:

>In consideration of the full and final settlement of the Released Plaintiffs' Claims, the Settling Defendants shall pay the Settlement Amount into the Settlement Fund Escrow Account as set forth herein:
>
>(a) Within ten (10) Business Days after the Court enters a Preliminary Approval Order, the Settling Defendants shall cause Settling Defendants' D&O Insurers to collectively pay $16.7 million into the Settlement Fund Escrow Account . . . .

*Id.*, at ¶ 2.

2

As such, ***prior to any resolution of any of the Derivative Actions***, Galena had agreed to have its D&O Insurance carriers pay $16.7 directly into the Class Action Settlement Fund Escrow Account. There was no mention by Galena of a pass through to the Company of $15 million referred to by the Derivative Plaintiffs, or an expectation of Galena paying $15 million to the Class Action Settlement Fund Escrow Account.

When Galena wanted to state how much of the Settlement Consideration it was paying into the Class Action Settlement, it did so unequivocally and with specificity as to the amount of cash it would pay, and when it would make its payment:

> Within thirty (30) Calendar Days a before the date of the hearing on Financial Approval, the Settling Defendants shall cause Galena to pay $2.3 million into the Settlement Fund Escrow Account . . . .

*Id.*, at ¶ 2(b). Thus, Galena stated clearly in the Stipulation of Settlement that is was only paying $2.3 million of its own funds into the Securities Class Action Settlement.

Accordingly, it is beyond peradventure that Galena expressly acknowledged in the Class Action Stipulation of Settlement filed with this Court on February 10, 2016 that it had negotiated the material terms of the Class Action Stipulation of Settlement *prior to any resolution of any of the Derivative Actions*, and one of those material terms was that the Company would have the D&O Insurers, not Galena, collectively pay the full $16.7 million of insurance proceeds into the Class Action Settlement Fund Escrow Account.

This is not a case, therefore, as Derivative Plaintiffs describe, of "unscrambling the proverbial egg" to ascertain the source of the Settlement Consideration in the Class action. *See* Derivative Response at 8. To determine the source of the D&O Insurers payment which benefitted the Class Action Settlement, one need only look to the Stipulation of Settlement signed by Galena in the Class Action Settlement filed in this Court. Galena and the Settling

Defendants "acknowledge" that the Settlement Consideration was "*entirely attributable* to the actions and efforts of the Plaintiffs and Plaintiffs' Counsel in the Securities Class Action and the merits of the claims and defenses asserted in the Securities Action." *Id.*, at 83 (italics added).

As such, Galena's own statements establish the Amicus Brief's conclusion that "the Derivative Plaintiffs did not achieve any benefit for the Securities Class," and "[t]he Derivative Settlement did not contribute any cash or other consideration to the Securities Class Action Settlement." *See* Amicus Brief, at 4 (Dkt. No. 120).

Dated: April 18, 2016

Respectfully submitted,

**RANSOM, GILBERTSON, MARTIN & RATLIFF, L.L.P.**

By: /s/ Jeffrey Ratliff
Jeffrey Ratliff, Esq.
rgilbertson@qwestoffice.com
1500 NE Irving Street, Suite 412
Portland, Oregon 97232
Tel: (503) 226-3664

*Liaison Counsel for Securities Plaintiffs*

**POMERANTZ LLP**
Patrick V. Dahlstrom, Esq.
(*pro hac vice filed*)
pdahlstrom@pomlaw.com
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181

*One of the Securities Plaintiffs' Attorneys*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

DATED:  April 18, 2016

/s/ Jeffrey Ratliff