IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re GALENA BIOPHARMA, INC. DERIVATIVE LITIGATION, | Case No. 3:14-cv-00382-SI (LEAD) |
| | Associated cases:<br>  3:14-cv-00514-SI<br>  3:14-cv-00516-SI<br>  3:15-cv-01465-SI |

FINAL ORDER AND JUDGMENT

**Michael H. Simon, District Judge.**

This matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Proposed Settlement, Award of Agreed-to Attorneys' Fees and Reimbursement of Expenses, and Incentive Awards ("Final Approval Motion"). ECF 117. The Court held a Fairness Hearing on April 21, 2016, which the Court continued until June 23, 2016.

Federal Rule of Civil Procedure 23.1(c) requires court approval of a settlement of a derivative action. A court should approve a settlement pursuant to Rule 23.1 only if the settlement is fundamentally fair, adequate, and reasonable. *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995) (applying the standard from Rule 23(e) that a settlement must be "fair, adequate, and reasonable" in the context of a derivative settlement) (quotation marks omitted); *In re Oclaro, Inc. Derivative Litig.*, 2014 WL 4684993, at *2 (N.D. Cal. Sept. 19, 2014) (evaluating whether the derivative settlement is fair, reasonable, and adequate). This standard is similar to that used in the analogous context of class actions, as required under

PAGE 1 – FINAL ORDER AND JUDGMENT

Fed. R. Civ. P. 23(e). There are a number of factors guiding this review in the class action context, most of which are applicable to derivative actions and are used by courts in considering settlements of derivative actions. *See In re MRV Commc'ns, Inc. Derivative Litig.*, 2013 WL 2897874, at \*2 (C.D. Cal. June 6, 2013). These relevant factors include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the amount offered in settlement; (4) the extent of discovery completed and the stage of the proceedings; (5) the experience and views of counsel; and (6) the reaction of the stockholders to the proposed settlement. *Id.*; *cf. Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Additionally, courts within the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

The Court has considered the Final Approval Motion, the proposed Amended Stipulation and Agreement of Settlement ("Stipulation" or "Settlement"), ECF 108-1, the papers submitted in connection with the Final Approval Motion, the supplemental filings of Plaintiffs, the arguments of counsel, the lack of objections to the proposed settlement, and all files, records, and proceedings in the above-captioned consolidated action ("Action"). The Court is fully informed as to the facts and the law and finds good cause to finally approve the proposed Settlement (which the Court preliminarily approved on February 4, 2016). Plaintiffs' motion for attorney's fees and incentive awards is addressed in the Court's separate Opinion and Order Awarding Attorney's Fees.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:**

1.      This Final Order and Judgment incorporates by reference the definitions in the

Stipulation, and all capitalized terms contained herein shall have the same meaning as set forth in

the Stipulation executed by the Parties and filed with the Court, ECF 108-1.

2.      This Court has jurisdiction over the subject matter of the Action, including all

matters necessary to effectuate the Settlement, and over all Parties.

3.      The Court finds that the Settlement was negotiated at arm's length, in good faith,

by capable and experienced counsel, with full knowledge of the facts, law, and risks inherent in

litigating the Action and the underlying actions which were consolidated with this Action, and

with the active involvement of the Parties.

4.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable

and adequate to the Parties and Current Galena Stockholders. Specifically, the Court finds that

final approval of the Settlement is warranted, considering the following factors:

> **a.  The strength of Plaintiffs' case, stage of proceedings and discovery, and
> risk, expense, complexity, and likely duration of further litigation**

This case was litigated for two years, including briefing on two motions to dismiss and

two motions to stay, and a combined oral argument. Plaintiffs also obtained sufficient pre-

mediation discovery to reach an informed Settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213

F.3d 454, 459 (9th Cir. 2000) (noting that "formal discovery is not a necessary ticket to the

bargaining table where the parties have sufficient information to make an informed decision

about settlement") (quotation marks omitted); *In re MRV*, 2013 WL 2897874, at *4.

Although Plaintiffs' complaint survived Defendants' motion to dismiss, there is still risk

because this case involves complex factual and legal issues, numerous parties, and numerous

claims. It would be expensive to litigate through trial, including expensive discovery, likely

additional pretrial and trial motions, and a trial on the merits. Without a settlement, Galena's

insurance policy limits will continue to be depleted by defense costs and the financial benefit to

the Company will likely be diminished. Thus, even if Plaintiffs prevail at trial, there may no

longer be adequate financial resources to pay the resulting verdict. Additionally, Defendants

have and continue to dispute the claims against them and there are risks in continued litigation.

Derivative lawsuits are particularly challenging. *See, e.g.*, *In re Pac. Enters. Sec. Litig.*, 47 F.3d

373, 378 (9th Cir. 1995) (noting that "derivative lawsuits are rarely successful"); *Maher v.*

*Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983) ("Settlements of shareholder derivative actions

are particularly favored because such litigation is 'notoriously difficult and unpredictable.'"

(quoting *Schimmel v. Goldman*, 57 F.R.D. 481, 487 (S.D.N.Y. 1973))).

The Court also notes that Galena's Directors & Officers' ("D&O") insurers dispute

coverage and if the Action does not settle and continues to be litigated, there is a risk that

insurance coverage will be denied and an additional insurance coverage lawsuit may ensue. This

would also further deplete the financial resources of Galena.

### b.  The amount offered in settlement

Under the Settlement: (1) Galena's D&O insurers will pay $15 million into an escrow

account for Galena, which Galena will then use to pay in part the settlement in the related

securities fraud class action, Case No. 3:14-cv-0367-SI; (2) a total of 1.2 million stock options

that Plaintiffs allege were improperly granted to certain Galena directors will be cancelled;

(3) Galena will cancel the outstanding stock options awarded to Defendant Lidingo; and

(4) significant corporate governance reforms will be implemented at Galena that are specifically

designed to protect against future instances of wrongdoing alleged in this case. Specifically, the

corporate governance reforms include: (1) requiring stock options be granted on pre-set dates

that will be determined before the end of the first quarter of the calendar year in which the

options will be granted, and the Compensation Committee must disclose to Galena stockholders

PAGE 4 – FINAL ORDER AND JUDGMENT

the methods used to determine those dates; (2) prohibiting stock options grants from being made

through unanimous written consent; (3) requiring the Compensation Committee to determine

grantees, amounts, dates, and prices of stock options and prohibiting changes after the grant is

approved; (4) requiring outside counsel or Galena's General Counsel to participate in any Board

or committee meetings at which stock options are granted and requiring minutes of those

meetings to be drafted and circulated within 30 days; (5) requiring the exercise price of stock

options to be no less than Galena's closing stock price on the grant date; (6) prohibiting the

lowering of exercise prices or exchanging options with lower exercise prices; (7) requiring strict

record keeping with respect to stock option grants; (8) prohibiting the right to extend vesting of

stock options or otherwise modify the terms of a stock option grant unless specific criteria are

met; (9) requiring the appointment of one new independent director by the date of Galena's 2016

Annual Meeting; (10) requiring revisions to the Audit Committee Charter; (11) requiring the

appointment of a new chair of the Compensation Committee; (12) requiring Board approval for

all contracts more than $200,000; (13) requiring the appointment of a new CEO; (14) requiring

the hiring of a new General Counsel; (15) providing General Counsel with additional oversight

responsibilities; (16) requiring reforms to Galena's Insider Trading Policy; (17) requiring the

adoption of a formal enterprise risk management program; (18) requiring training for personnel

in the areas associated with investor relations and public relations cross-functionality; (19)

requiring the retention of an independent Compensation Consultant; and (20) requiring the

deletion of the forum selection clause from Galena's bylaws. These non-monetary benefits

confer a benefit on Galena and support approval of the Settlement. *See, e.g.*, *In re MRV*, 2013

WL 2897874, at *4; *In re Rambus, Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal.

Jan. 20, 2009).

PAGE 5 – FINAL ORDER AND JUDGMENT

### c.   The experience and views of counsel

The Parties' respective counsel are experienced and approve of the Settlement. This

factor supports approval. *See In re MRV*, 2013 WL 2897874, at *5 ("Great weight is accorded to

the recommendation of counsel, who are most closely acquainted with the facts of the underlying

litigation." (quotation marks omitted)).

### d.   The reaction of Galena stockholders to the proposed Settlement

Galena's stockholders received adequate notice and no stockholder objected to the

Settlement. This weighs heavily in favor of final approval. *See Roberti v. OSI Sys., Inc.*, 2015

WL 8329916, at *5 (C.D. Cal. Dec. 8, 2015) ("By any standard, the lack of objection favors final

approval."); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1343 ("[N]ear

unanimous approval of the proposed settlement[] by the class members is entitled to nearly

dispositive weight in this court's evaluation of the proposed settlement[]." (quotation marks

omitted)); *In re Apple Inc. Sec.Litig.*, 2011 WL 1877988, at *3 (N.D. Cal. May 17, 2011) ("The

small number of objections raises a strong presumption that the settlement is favorable to the

class.").

### e.   Arms-length negotiations

The settlement is the product of extensive arm's-length negotiation, with assistance from

a mediator, the Honorable Layn R. Phillips, U.S. District Judge (Retired). There is no evidence

of collusion or any other conflict of interest. The Court considers the fact that the proposed

attorney's fees were separately negotiated and are to be paid separately from the monetary

benefits of the Settlement, a circumstance that the Ninth Circuit has cautioned may be subtle

evidence of collusion. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th

Cir. 2011). Under the circumstances of this case, where the proposed attorney's fees were

suggested by the mediator in a "mediator's offer" and where substantial monetary and non-

monetary benefit for Galena and its shareholders were achieved in the Settlement, the Court does not find the separately-negotiated attorney's fees to be evidence of collusion. Accordingly, this factor weighs in favor of approval.

5.      The Court hereby finally approves the Settlement, finds that the Settlement provides substantial benefits to Galena and Current Galena Stockholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

6.      The Action, all claims contained therein, and Plaintiffs' Released Claims are hereby ordered as compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein, the Court's Opinion and Order Awarding Attorney's Fees filed concurrently herewith, and this Final Order and Judgment. As among Plaintiffs, Galena, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation; *provided however*, that nothing herein shall affect any Individual Defendant's right to indemnification or advancement from Galena or any insurance carrier.

7.      Plaintiffs' Released Persons are forever barred and enjoined from instituting, commencing, or prosecuting against Defendants and Defendants' Released Persons any of Plaintiffs' Released Claims as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, Settlement, or resolution of the Action.

8.      Defendants' Released Persons are forever barred and enjoined from instituting, commencing, or prosecuting against Plaintiffs and Plaintiffs' Released Persons any of Defendants' Released Claims as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, Settlement, or resolution of the Action.

PAGE 7 – FINAL ORDER AND JUDGMENT

9.      Upon the Effective Date, Galena,[1] Plaintiffs (individually and derivatively on behalf of Galena), and Current Galena Stockholders (solely in their capacity as Galena stockholders bringing a claim on behalf of Galena) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10.     Upon the Effective Date, Defendants and Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Released Persons from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, Settlement, or resolution of the Action or Plaintiffs' Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11.     The Court finds that the Notice and Summary Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

---

[1] Although the Stipulation does not contain an express release by Galena releasing the other Defendants, at the hearing on April 21, 2016, in response to questioning by the Court, Counsel for Plaintiffs stated that the failure to include Galena as a releasing party releasing the other Defendants was an oversight. Counsel for Galena represented on behalf of his client that Galena does release the Released Claims against the other Defendants, and this representation was confirmed by Galena's General Counsel, who attended the Fairness Hearing.

PAGE 8 – FINAL ORDER AND JUDGMENT

12.     Within ten (10) business days following the entry of this Final Order and Judgment, the Defendants will apply to the State Court to have the State Derivative Action dismissed with prejudice.

13.     The Court finds that during the course of the Action, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

14.     Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation, Opinion and Order Awarding Attorney's Fees, or this Final Order and Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

PAGE 9 – FINAL ORDER AND JUDGMENT

15.     Without affecting the finality of this Final Order and Judgment in any way, the

Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and

(b) the Parties for the purpose of construing, enforcing, and administering the Stipulation,

including, if necessary, setting aside and vacating the Opinion and Order Awarding Attorney's

Fees or Final Order and Judgment, on motion of a Party, to the extent consistent with and in

accordance with the Stipulation if the Effective Date fails to occur in accordance with the

Stipulation.

16.     This is Final Order and Judgment is a final, appealable judgment.

**IT IS SO ORDERED**.

DATED this 24th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge